UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lori R. Salter, | ) | Case No. 4:12CV888 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE SARA LIOI |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |

**I. Procedural History and Background**

This case is before the Court pursuant to Local Rule 72.2(b), which automatically refers petitions for the review of Social Security administrative decisions to a Magistrate Judge. Now pending before the Court is the Defendant's Motion to Dismiss the Plaintiff's Case for Lack of Subject Matter Jurisdiction. (Doc. 10.)

Lori Salter ("Plaintiff") filed a complaint with this Court on April 12, 2012, to contest a final decision of the Social Security Commissioner (the "Commissioner" or "Defendant"). On June 10, 2010, an Administrative Law Judge entered a partially favorable decision for the Plaintiff, granting her disability benefits but denying her proposed date for the onset of her disability. (Doc. 10, Ex. 2.) The Plaintiff then submitted a petition to the Appeals Council for the review of the Administrative Law Judge's determination. The Council denied her request on February 6, 2012, making the Administrative Law Judge's determination the Commissioner's final decision. (Doc. 10, Ex. 3). On April 12, 2012, the Plaintiff faxed a letter to the Appeals Council asking for a one-day extension to file her complaint in federal court. (Doc. 12.) This

1

request was denied on August 22, 2012, by the Appeals Council.  (Doc. 14.)  Following the filing of Defendant's Motion to Dismiss and numerous responsive pleadings by both the sides, the Plaintiff petitioned this Court for an extension of time to file her Sur-Reply.  (Doc. 18.)  This request was denied by the Court on September 18, 2012.

**II. Law and Analysis**

The Commissioner seeks to dispose of the Plaintiff's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (Doc. 10.)  It appears the Plaintiff's complaint was untimely filed, but Rule 12(b)(1) is not the proper means to dispose of the Plaintiff's complaint.

Under 42 U.S.C. §405(g) a Social Security claimant has 60 days to file an appeal in federal court after he/she has received notice of the final decision of the Commissioner.  The regulations presume that a claimant will receive notice of the final decision within five days of the date on the notice.  *Harris v. Comm'r of Soc. Sec.*, 25 F. App'x 273 (6th Cir. 2011).  The 60 day deadline to file a complaint is therefore increased to 65 days to reflect of the time allowed for the claimant to receive the notice by mail.  The Sixth Circuit has consistently held that the 65 day filing window begins to run as of the date on the notice, not the date on which the claimant physically receives the notice, unless the claimant can prove that he/she did not receive the notice within five days.  *Cook v. Comm'r of Soc. Sec.*, 480 F. 3d 432, 437 (6th Cir. 2007).  Accordingly, the Plaintiff had 65 days from February 6, 2012, or until April 11, 2012, to file her complaint.  However, the Plaintiff did not file her complaint until April 12, 2012. (Doc. 10, Ex. 1.)

Although the Plaintiff conceded that her complaint should have been filed on April 11, 2012, the court notes that she did not seek an extension of this deadline from the Appeals

2

Council until April 12, 2012.  (Doc. 12.)  The Plaintiff asserts that she filed her complaint on April 12, 2012, for "expediency" because her counsel felt that the Appeals Council would likely grant the one-day extension.  *Id.*  The Plaintiff told the Appeals Council that she needed the extension because her counsel had not received her In Forma Pauperis paperwork until April 12, 2012.  *Id.*  After her request was denied by the Appeals Council for failing to establish good cause, the Plaintiff filed an amended response to the Commissioner's motion to dismiss.  In this report, Plaintiff asserted that her complaint *was* in fact timely filed because her attorney did not receive notice of the Commissioner's final decision until February 13, 2012.  (Doc. 14.)

Even if the Plaintiff's attorney did not receive notice from the Appeals Council until February 13, 2012, Plaintiff's complaint it still untimely.  Based on 20 C.F.R. § 422.210(c), the Commissioner has interpreted mailing as the date of the applicant receives the decision and the applicant is presumed to receive the decision "five days after the notice date, unless the applicant makes a reasonable showing to the contrary."  *Harris v. Comm'r of Soc. Sec.*, 25 Fed. App'x 273 (6th Cir. 2001).  The Plaintiff presents evidence to demonstrate that her attorney did not receive the notice until February 13, 2012.  However, she does not provide any information about when she herself received the notice.  (Doc. 12.)  The plaintiff has not proposed any arguments rebutting the presumption that *she* received the notice within five days of its issuance.  As the regulations focus on when the plaintiff receives notice, the plaintiff does not refute the presumption that she received the notice within five days by demonstrating that *her attorney* received notice in seven.  *Cook*, 480 F.3d at 437; *see McKentry v. Sec'y of Health and Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981) (holding that plaintiff rebutted presumption of receipt within five days by demonstrating that the record did not contain any evidence that either the plaintiff *or* her attorney received notice of the Commissioner's final decision.).

3

While the Plaintiff's complaint does appear to be untimely, this Court cannot provide the Defendant with the relief it seeks under Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) is a tool used to dismiss a complaint when the court lacks subject matter jurisdiction to hear a claim. But, the rule is inapplicable for dismissal of the Plaintiff's complaint because the 60 day filing requirement included in 42 U.S.C. §405(g) is not a jurisdictional element. *Bowen v. City of New York*, 476 U.S. 467, 476 (1986); s*ee also Matthews v. Eldridge*, 424 U.S. 319, 328 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763-764 (1975); *Cook*, 480 F. 3d at 435. The untimely filing of the Plaintiff's complaint is therefore not a jurisdictional deficiency that can be properly corrected under Rule (12)(b)(1).

### III. Decision

The undersigned recommends that the Court give the Plaintiff 10 days, in which to show why Summary Judgment should not be entered against her for what appears to be the untimely filing of her complaint.[1]

Dated:  June 27, 2013                                                                     /s/ Kenneth S. McHargh
                                                                                          Kenneth S. McHargh
                                                                                          United States Magistrate Judge

---

[1] The undersigned declines to enter judgment against the plaintiff under Rule 56 of the Federal Rules of Civil Procedure *sua sponte* as the Sixth Circuit in *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995) held, "we have stated previously that the granting of summary judgment *sua sponte* is a practice we discourage…particularly so when the court does not give advance notice of the potential action to the adversely affected party." *See Kistner v. Califano*, 579 F.2d 1004 (6th Cir. 1978) (holding that summary judgment issued by the district court must be vacated because the adversely affected party was not afforded sufficient notice and opportunity to respond); s*ee also Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 830 (6th Cir. 2013), (holding that the district court abused its discretion issuing summary judgment *sua sponte* because there was insufficient notice that summary judgment could have been entered on grounds not raised by the parties in their pleadings.)

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).