UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORI R. SALTER, | ) | CASE NO. 4:12-cv-888 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on defendant's motion to dismiss. (Doc. No. 10.) For the reasons stated below, the Court converts the motion into a motion for summary judgment, which is DENIED.

**I.     Background**

On June 10, 2012, an Administrative Law Judge ("ALJ") entered a partially favorable decision on plaintiff Lori Salter's application for disability benefits. (Doc. No. 10-2.) Plaintiff appealed the decision to the Appeals Council. In a notice dated February 6, 2012, the Appeals Council denied Salter's request to review the ALJ's decision, thus making the ALJ's determination the final decision of the Commissioner of Social Security. (Doc. No. 14-1 at 92.)

Under the applicable statute and regulation, plaintiff had sixty days from her receipt of the Appeals Council's notice to file a civil action in this Court. The law assumes receipt five days after the notice's date, giving plaintiff sixty-five days in total to file her complaint, i.e., on or before April 11, 2012. On April 12, 2012, plaintiff petitioned the Appeals Council for a one-day extension, also filing her complaint in this Court that same day. (Doc. No.

1.) On August 22, 2012, the Appeals Council denied the request for extension for failure to establish good cause. (Doc. No. 14-5.)

Under the Local Rules for the Northern District of Ohio, the case was automatically referred to Magistrate Judge Kenneth S. McHargh for the preparation of a Report and Recommendation ("R&R"). On July 11, 2012, defendant moved to dismiss plaintiff's complaint for untimely filing. (Doc. No. 10.) Plaintiff filed a response (Doc. No. 12) and a supplemental response (Doc. No. 14). Defendant filed a reply (Doc. No. 15) and a further reply to plaintiff's supplemental response (Doc. No. 17). Magistrate Judge McHargh denied plaintiff's motion for leave to file a sur-reply. (Doc. No. 18.)

Rather than recommend dismissal of the case for lack of subject matter jurisdiction, as requested by defendant, the R&R "recommends that the Court give the Plaintiff 10 days, in which to show why Summary Judgment should not be entered against her for what appears to be the untimely filing of her complaint." (Doc. No. 19 at 169.) Plaintiff did not wait for the Court to adopt the R&R's recommendation for a 10-day response period, but filed a response on the merits within the 10-day period, as if the R&R were the show cause order. (Doc. No. 20.) The Court could have re-referred this matter for a recommendation on the merits, but instead took the motion under consideration after giving defendant an opportunity to supplement its motion with briefing and documentation. (*See* Minute Order, Mar. 19, 2014; Doc. No. 21.)

In its supplemental briefing, defendant essentially abandons its motion for summary judgment, indicating it "would have no objection to a finding that the complaint was timely." (Doc. No. 21 at 185.) The Court nonetheless believes this case presents issues that merit review and discussion.

## II. Discussion

### A. Standard of Review

At the outset, the Court has converted defendant's motion to dismiss into a motion for summary judgment. (Minute Order, Mar. 19, 2014.) "Under Federal Rule of Civil Procedure 12(d), if the Court considers 'matters outside the pleadings' in addressing a motion under Rule 12(b)(6), 'the motion must be treated as one for summary judgment under Rule 56.'" *Fenneken v. Comm'r of Soc. Sec.*, Civil Action No. 2:10-cv-00111, 2010 WL 4806735, at *2 (S.D. Ohio Nov. 17, 2010) (quoting Fed. R. Civ. P. 12(d)). Because the Court must consider affidavits and evidence submitted by both parties in resolving this dispute, the Court must treat defendant's motion to dismiss as a motion for summary judgment.[1] Having done so, the Court "must then give the parties a 'reasonable opportunity to present all material made pertinent to such motion by Rule 56.'" *Winget v. JP Morgan Chase bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (citations omitted). Plaintiff and defendant have been given opportunities to submit additional evidence relative to summary judgment, and the matter is now ripe for review. (*See* Doc. Nos. 20, 21.)

Under Fed. R. Civ. P. 56(a), when a motion for summary judgment is properly made and supported, it shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material

---

[1] Although, when determining whether it has subject matter jurisdiction, a court is permitted to consider matters outside the pleadings without converting a motion to dismiss to one for summary judgment, *Niles v. Wilshire Inv. Group, LLC*, 859 F. Supp. 2d 308, 332 (E.D.N.Y. 2012), "[t]he sixty-day appeal requirement [in the Social Security Act] has been found to be a statute of limitations and not a jurisdictional condition." *State of N.Y. v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990); *see also Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994). This was properly noted by the R&R.

3

fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n.*, 909 F.2d 941, 943-44 (6th Cir. 1990), *impliedly overruled on other grounds by Salve Regina College v. Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.

   B.  **Time to Appeal**

The Social Security Act provides a sixty-day window in which to obtain review of a final decision of the Commissioner:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "The Commissioner has interpreted 'mailing' as the date of the applicant's receipt of the decision, and the date of receipt is presumed to be five days after the notice's date, unless the applicant makes a reasonable showing to the contrary." *Harris v. Comm'r of Soc. Sec.*, 25 F. App'x 273, 273-74 (6th Cir. 2001) (citing 20 C.F.R. § 422.210(c)).

Because "the sixty day limit in § 405(g) is not jurisdictional but a period of limitations[,]" a court may apply "traditional equitable tolling principles" to the limitations period. *Day*, 23 F.3d at 1058 (citing *Bowen v. City of New York*, 476 U.S. 467, 478-80, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986)).

Thus, unless plaintiff makes a "reasonable showing to the contrary," the Court presumes that she received the Appeals Council's decision on February 11, 2012, five days after

the notice's date of February 6, 2012. Pursuant to that presumption, plaintiff's complaint was due on or before April 11, 2012, and her complaint, filed on April 12, 2012, is untimely. Plaintiff has not argued for equitable tolling of the sixty-day limitations period, so a "reasonable showing" of receipt after February 11, 2012, is her only avenue to a review on the merits.[2] The Court shall first summarize the evidence offered by plaintiff as her "reasonable showing," and shall proceed to analyze the sufficiency of this evidence in light of the statute and corresponding case law.

C. Plaintiff's Evidence

Plaintiff's "reasonable showing" consists of two lines of evidence: (1) evidence of her receipt of notice within the relevant timeframe; and (2) evidence that her attorneys received the Appeals Council's notice on February 13, 2012, rendering her complaint timely filed. As to the first line, plaintiff provides her affidavit, in which she states, "I spent my time moving between three addresses from February 2012 through May 2012. I moved out of my apartment to stay with my mother in a three-story house she purchased in February 2012. By April 2012, I had realized that symptoms associated with my multiple sclerosis made it impossible for me to live comfortably in a three-story house. I subsequently moved into a different, single story apartment." (Doc. No. 20-1.) Plaintiff further states, "I was not regularly opening my mail in February 2012 through May 2012 due to my having moved twice and my mother's poor health. I first learned of the Appeals Council's decision to not review my case in April 2012 when attorney Linda S. Pettit contacted me about filing a civil complaint in the U.S. Northern District of Ohio." (*Id.*) Throughout this period, plaintiff maintained the same P.O. Box in Youngstown,

---

[2] The Court does not possess the authority to review the Appeals Council's denial of plaintiff's request for more time to file a civil action. (Doc. No. 15-5.) *Cf. Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993) (citing *Watters v. Harris*, 656 F.2d 234, 239 n.10 (7th Cir. 1980)) (noting that denial of petitions to Secretary seeking more time are not reviewable by federal courts). The only question before the Court, therefore, is whether plaintiff can rebut the presumption that she received notice of the Appeals Council decision by February 11, 2012.

Ohio. The notice submitted to the Court by defendant is addressed to a Warren, Ohio P.O. Box; however, it contains the same name, P.O. Box number, state, and zip code as the address of the P.O. Box maintained by plaintiff. (Doc. No. 20 at 172.)

As to the second line, plaintiff has submitted the following evidence that her attorneys received the notice on February 13, 2012: (1) the attorneys' date-stamped copy ("received Feb 13, 2012") of the notice; (2) the affidavit of Joanne Murray; (3) the affidavit of Adela Piccirillo; and (4) an interoffice email noting receipt of the Appeals Council's decision on February 13, 2012. (Doc. Nos. 14-1; 14-2; 14-3; 14-4, respectively.) In their affidavits, two employees of plaintiff's attorneys state that their regular job duties include date-stamping incoming mail on the date on which it is received. Adela Piccirillo, who date-stamps Saturday mail, "state[s] with certainty that if the . . . Notice had been received in the mail at [the attorneys' office] on Saturday February 11, 2012, it would have been date-stamped by [her] on that date." (Doc. No. 14-3 at 95.) Joanne Murray, who date-stamps weekday mail, "state[s] with certainty that . . . the date stamp affixed to the notice[, February 13, 2012,] would only have been placed on that document on the actual date it was received, and not if it had been received on an earlier date." (Doc. No. 14-2 at 93.)

Synthesizing these two lines of evidence, plaintiff claims that she has rebutted the presumption of receipt of notice within five days of the notice's date. Specifically, her attorneys received the notice seven days after the notice's date, the notice sent to plaintiff was partially incorrectly addressed, and she has no recollection of receiving the notice or even checking her mail in the relevant timeframe. According to plaintiff, she has made a "reasonable showing" of receipt on February 13, 2012, upon which date her statutory sixty-day appeals period began, rendering her April 12, 2012 complaint timely filed.

**D. Relevant Authority**

In the Sixth Circuit, a "reasonable showing" need not take any particular form; however, it must be more than a mere allegation. For example, if there is "no evidence in the record that the notice was ever mailed to the [plaintiff,]" and defendant does not contend that it mailed the notice, plaintiff makes a "reasonable showing" that she did not receive the notice five days after the notice's date. *McKentry v. Sec'y of Health & Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981). If a plaintiff can show that "notice was not mailed until more than five days after the date printed on its face[,]" then plaintiff "could not have received it within the five-day grace period[,]" and has made a "reasonable showing" to rebut the five-day presumption. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007) (citations omitted). In contrast, a mere allegation in plaintiff's complaint that plaintiff received notice after the five-day period does not rebut the presumption. *Peel v. Sec'y of Health & Human Servs.*, 793 F.2d 1293, at *1 (6th Cir. 1986) (unpublished table decision).

Indeed, every court to consider the issue has concluded that plaintiff's bare denial of receipt or assertion of receipt on a particular date, by way of affidavit or otherwise, does not rebut the regulatory presumption of receipt within five days of the notice's date. *See Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356 (S.D. Ala. 2002) ("Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption."); *see also Fleming v. Astrue*, No. 12-cv-11268, 2012 WL 6738473, at *5 (E.D. Mich. Oct. 29, 2012) (insufficient evidence when plaintiff's affidavit alluded to a contemporaneous notation of receipt, but plaintiff only provided affidavit, not contemporaneous

document); *Orozco v. Astrue*, No. 2:11-cv-1836 GGH PS, 2012 WL 4468413, at *5 (E.D. Cal. Sept. 25, 2012) (mere assertion of receipt beyond five days of notice's date insufficient "[w]ithout an affidavit indicating that she did not receive actual notice"); *Nielson v. Astrue*, No. 10 C 4647, 2011 WL 2214622, at *1 (N.D. Ill. June 6, 2011) (unsupported "affidavit" insufficient without annotation of date of receipt or other evidence). Similarly, unsworn and uncorroborated physical evidence does not, by itself, rebut the presumption. *Johnson v. Astrue*, No. 8:07-CV-1614-T-30EAJ, 2008 WL 435180, at *3-4 (M.D. Fla. Feb. 14, 2008) (handwritten notation of date of receipt on the notice not sufficient in absence of sworn statement to corroborate).

Rebutting the presumption requires more than plaintiff's sworn statement—that much is clear. Less certain is whether evidence from plaintiff's attorneys rather than plaintiff herself suffices. Is it enough for plaintiff's attorneys to show that they received the letter outside the five-day period, or must the plaintiff show that she, too, received the letter outside the five-day period? The Court begins with the statute and implementing regulation: both ask when the "individual" received notice, not her attorneys. *See* 42 U.S.C. § 405(g) ("Any *individual* . . . may obtain a review . . . within sixty days after the mailing to him of notice of such decision[.]") (emphasis added); 20 C.F.R. § 422.210(c) (Complaint must be filed "within 60 days after the Appeals Council's notice of denial . . . is received by *the individual*, institution, or agency[.]") (emphasis added). Yet, the regulations also state that notice to claimant's attorney has the same effect as notice to claimant herself. *See* 20 C.F.R. § 404.1715(b) ("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.").

The Sixth Circuit has not explicitly decided whether claimant, her attorneys, or both, must rebut the presumption of receipt of notice within five days. Endeavoring to find

8

guidance in existing decisions, two district courts have quoted *Cook*: "This court has agreed that the date for filing a Social Security complaint runs from the date that *the applicant receives* the SSA's denial notice, not from the date of mailing." 380 F.3d at 436 (citation omitted) (emphasis added). A court must, therefore, consider notice to the claimant, not the claimant's administrative representative, *Singleton v. Comm'r of Soc. Sec.*, No. 1:09-CV-933, 2010 WL 3734053, at *2 (W.D. Mich. Sept. 20, 2010), or attorney. *Ashcraft v. Astrue*, No. 5:11-CV-00144-R, 2012 WL 1231789, at *2 (W.D. Ky. Apr. 12, 2012) (citing *Cook* and noting "near unanimity among the various circuit and district courts that 'individual' does not mean a 'claimant's attorney[.]'"). In *Ashcraft*, the court found that plaintiff failed to rebut the presumption when plaintiff herself remained silent on her receipt of notice, but instead submitted exhibits documenting the date of her attorney's receipt. 2012 WL 1231789, at *3.

No circuit that has addressed the issue has stated that receipt of notice by the claimant's attorney can wholly replace receipt by the claimant herself. Indeed, the Fifth Circuit has unequivocally stated that receipt by the claimant, not her attorney, triggers the sixty-day period. *Flores v. Sullivan*, 945 F.2d 109, 111-12 (5th Cir. 1991) ("Both the statute and the regulations pinpoint receipt by the individual claimant, instead of by his representative, as the event that starts the sixty days."). The Eighth and Ninth Circuits have held that the sixty-day appeals period begins with receipt of notice by the claimant or the attorney, whichever occurs first. *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) ("We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period."); *Fista v. Comm'r of Soc. Sec.*, 141 F.3d 1175, at *1 (9th Cir. 1998) (unpublished table decision) (finding notice received by attorney, but not claimant, started appeals period when attorney received notice within five days); *see also Roberts v. Shalala*, 848

9

F. Supp. 1008, 1013 (M.D. Ga. 1994) (attorney and claimant "on equal footing with notice sent to the claimant" for purposes of receipt of notice); *Rosa v. Comm'r of Soc. Sec.*, No. 6:11-cv-1864-Orl-28KRS, 2012 WL 2680810 (M.D. Fla. June 18, 2012) (same). The First Circuit has not taken a position on the issue. *See McLaughlin v. Astrue*, 443 F. App'x 571, 572 n.1 (1st Cir. 2011) ("We note that the parties and the district court all assumed that the date that a claimant, not his or her attorney, receives the notice is the triggering date. Although there are different points of view, we express no opinion on the matter, and will proceed on the same assumption.").

The Court concludes, pursuant to *Cook* and the statutory language, that plaintiff herself must rebut the presumption that plaintiff received the Appeals Council decision after February 11, 2012. As described below, receipt of notice by plaintiff's attorneys may buttress plaintiff's claims.

For example, a plaintiff's sworn statement that plaintiff did not receive the notice, coupled with her attorney's date-stamped notice, constitute a "reasonable showing" that rebuts the presumption. In *Pettway*, "counsel's representations and the accompanying date-stamped copy of the notice furnish a reasonable showing that counsel did not receive notice until [six days after the notice's date]. The plaintiff under oath denies receipt before [that date], the experience of counsel corroborates the plaintiff's assertion, and there is nothing in the record to suggest that the plaintiff would have received notice prior to counsel." 233 F. Supp. 2d at 1362; *see also McLaughlin*, 443 F. App'x at 574 (sufficient when plaintiff provided "explanation for why she was sure that receipt had occurred after the [presumptive date] and she submitted evidence in support—*i.e.*, her attorney's copy of the notice, dated-stamped [one day after the presumptive date]").

For some courts, even plaintiff's assertion that she could not remember if or when she received notice suffices to rebut the presumption, if coupled with other evidence, such as a date-stamped notice from her attorney. *See Crowder ex rel. R.C. v. Colvin*, No. 4:13CV1099 JCH/TCM, 2013 WL 6708764, at *2 (E.D. Mo. Dec. 18, 2013) (presumption rebutted when notice was date-stamped by attorney's office and claimant "does not recall when she received the notice," and had "no reason to believe that [she] would have received the Notice any earlier than [her] attorney did"); *Phillips v. Astrue*, No. C11-0503-JCC-MAT, 2011 WL 6753089, at *3 (W.D. Wash. Nov. 29, 2011) (sufficient when attorneys proved receipt ten days after notice date and "plaintiff does not know when, if ever, she received the Appeals Council notice" due to her mental impairments).

E. Analysis

Plaintiff has submitted convincing evidence, corroborated by two affidavits and an interoffice email, that plaintiff's attorneys received the Appeals Council decision on February 13, 2012. If the Court's sole inquiry were whether plaintiff's attorneys received notice within five days of February 6, 2012, the inquiry is answered and the presumption rebutted.

Plaintiff has submitted her affidavit, in which she states that she "was not regularly opening [her] mail in February 2012 through May 2012 due to [her] having moved twice and [her] mother's poor health." (Doc. No. 20-1.) Unlike many claimants cited above, plaintiff does not assert that she received notice after February 11, 2012, swearing instead that she has no knowledge when or if she received it. Standing alone, this does not rebut the presumption of receipt within five days of February 11, 2012. As "there are millions of applicants for Social Security benefits each year," clear filing deadlines must be made and enforced to avoid wreaking "havoc in the system." *Cook*, 480 F.3d at 437. Extending deadlines

11

to accommodate plaintiff's dilatory conduct in not checking her mail invites the havoc the statue, regulations, and Sixth Circuit precedent all seek to prevent.

Yet, plaintiff, through other evidence, has rebutted the presumption of receipt by February 11, 2012. The Court finds that this case is closer to *Phillips* and *Crowder*, in which combining evidence from plaintiffs and attorneys rebutted the presumption, than *Singleton* or *Ashcraft*, in which the plaintiffs offered no evidence of their own receipt of notice, relying solely on their attorneys' evidence. As in the former cases, plaintiff has submitted sufficient evidence that her attorneys received notice after the five-day window, as well as the partially incorrectly addressed notice, and, significantly less importantly, her own sworn statement that she does not recall receiving notice. Unlike the plaintiffs in *Ashcraft* and *Singleton*, plaintiff has not remained silent on her receipt of notice but points to the incorrect address and her own affidavit. *See Ashcraft*, 2012 WL 1231789, at *3 ("no evidence is before the Court on the receipt or non-receipt of the notice by Plaintiff"); *Singleton*, 2010 WL 3734053, at *2 (same). The Court sees "nothing in the record to suggest that the plaintiff would have received notice prior to counsel." *Pettway*, 233 F. Supp. 2d at 1363. If anything, plaintiff likely received notice after counsel, owing to potential confusion from the partially incorrectly addressed notice.[3]

---

[3] While the name, box number, state, and zip code were correct, the notice provided an incorrect city. Neither party has submitted the envelope containing the notice, so the Court cannot determine if it was indeed mailed improperly. Courts have routinely concluded that notice mailed to an improper address rebuts the presumption of receipt within five days. *McLaughlin*, 443 F. App'x at 574 (citations omitted).

Thus, considering the address error and plaintiff's affidavit, in conjunction with her attorneys' evidence, the Court finds that plaintiff has rebutted the presumption of receipt of notice by February 11, 2012, with evidence of actual receipt of notice on February 13, 2012.[4] Plaintiff's sixty-day period to appeal began on February 13, 2012, making her complaint timely filed.

### III. Conclusion

For the reasons set forth above:

(1) The R&R's recommendation that the Court give plaintiff ten days in which to show why summary judgment should not be entered against her for filing an untimely complaint is MOOT. Plaintiff has submitted a response, with additional evidence, in the recommended timeframe.

(2) Considering all the evidence, the Court determines that summary judgment should not be entered against plaintiff for an untimely complaint. Defendant's motion to dismiss, having been converted into a motion for summary judgment, is therefore DENIED.

Having determined that this case should be considered on its merits, the Court hereby refers the case once again to Magistrate Judge McHargh to prepare a Report and Recommendation on the merits, after appropriate briefing and the filing of the administrative record.

**IT IS SO ORDERED**.

Dated: March 27, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiff's request for extension from the Appeals Council indicates that plaintiff believed her appeal was untimely, but does not change the Court's analysis. The Court concludes that the request for extension was made due to plaintiff's error in computing her time to respond. (*See* Doc. No. 14 at 88-89.) Insofar as plaintiff nearly lost her chance at review on the merits of her case, the Court notes that "this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." *Cook*, 480 F.3d at 437.